IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cardinal Anna Vines Carter, | : | |
| Plaintiff | : | Civil Action 2:13-cv-0301 |
| v. | : | Judge Watson |
| Life of the South, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Initial Screening Report and Recommendation

Plaintiff Cardinal Anna Vines Carter brings this action alleging diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to contain a short and plain statement of the claims pleaded against each defendant and, therefore, recommends dismissal of the complaint.

The complaint alleges that at some unspecified time in the past, plaintiff Carter obtained a loan from Eagle Financial Services. She apparently was hospitalized or received

medical treatment at OSU Hospitals, perhaps in November 2011. On an unspecified date, her granddaughter paid $100 to Eagle Financial Services. Life of the South Insurance Company apparently gave Carter a federal disclosure statement, perhaps in connection with the issuance of an insurance policy.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The United States Supreme Court held in *Erickson v. Pardus,* 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly,* 550 U.S. __, __, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Moreover, *pro se* prisoner complaints must be liberally construed. *Erickson v. Pardus*, above; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But the complaint must be dismissed if it fails to give defendants fair notice of the claims pleaded against them. *Twombly*, 127 S.Ct. 1964.

<u>Analysis</u>. The complaint fails to give defendants fair notice of the claims alleged against them. From reading the complaint, it is not possible to determine what each defendant did to deprive plaintiff of a legal right, what injury she suffered as a result of the alleged actionable conduct, or when each defendant acted to deprive plaintiff of a legal right and cause her injury.

2

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to contain a short and plain statement of the claims pleaded against each defendant. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED.  The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel<br>United States Magistrate Judge